**Johnnie Ray SMITH, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 18266.

United States Court of Appeals Fifth Circuit.

Oct. 19, 1960.

Johnnie Ray Smith, in pro. per., for appellant.

Wilfred C. Varn, U. S. Atty., Richard W. Ervin, III, Asst. U. S. Atty., Tallahassee, Fla., for appellee.

Before TUTTLE, JONES and BROWN, Circuit Judges.

PER CURIAM.

This is an appeal from an order dismissing appellant's motion to vacate sentence under Title 28 U.S.C.A. § 2255 without a hearing. The trial court held that it appeared from the face of the petition itself that there was no ground to support the motion.

The judgment of the trial court is affirmed.

"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C.A. § 2255.

This motion asserted "that petitioner did not competently and intelligently enter pleas of guilty, and that petitioner did not competently and intelligently waive counsel." The petition also contained the following allegation:

"Before petitioner entered said guilty pleas, the court asked him if he had an attorney. Petitioner answered, 'No, sir.' The court asked petitioner if he wanted the court to appoint counsel to represent him. Petitioner answered, 'No, sir.' The indictments were then read to petitioner by the United States Attorney after petitioner's guilty pleas were entered, the court postponed sentencing petitioner until a presentence report could be made."

Nothing else is stated in the petition to support the allegation that the waiver of counsel and the entry of the plea were not "competently and intelligently" made. The only circumstance that could conceivably throw any light on this issue was an allegation that petitioner was twenty years of age at the time.

In light of the positive allegations of the petition showing that the court asked him if he had an attorney, and whether he wanted one appointed for him, and that the indictment was read to petitioner, we conclude that there is no allegation of fact which required a hearing by the trial court under the statute. His contention merely asserts the legal conclusion without pleading any basic fact on which the conclusion can be predicated.

The judgment of the trial court is affirmed.