Ramsey CAMERON, Appellant,

v.

UNITED STATES of America, Appellee.

No. 18712.

United States Court of Appeals Fifth Circuit.

July 19, 1961.

Ramsey Cameron, pro se.

Thomas R. Ethridge, U. S. Atty., Oxford, Miss., for appellee.

Before CAMERON and WISDOM, Circuit Judges, and THOMAS, District Judge.

WISDOM, Circuit Judge.

This is an appeal from an order dismissing appellant's motion to vacate sentence under 28 U.S.C.A. § 2255.

Ramsey Cameron, appellant, and another co-defendant were convicted of conspiring (18 U.S.C.A. § 371) to violate certain Internal Revenue Laws which deal with whiskey. September 25, 1959, he was sentenced to serve a term of four years. November 5, 1959, both defendants filed a motion for a new trial on the ground of newly discovered evidence that the United States Marshal had improperly influenced the jury by making a remark concerning certain witnesses while eating with the jury at recess during the trial. January 15, 1960, the district court held a hearing on the motion for a new trial at which testimony was heard. The United States introduced oral testimony by witnesses and affidavits of some of the jurors who heard the case on its merits in September. The attorney *representing the co-defendant* objected to the affidavits. The court then suspended the hearing in order to have the trial jurors present. At the next hearing, March 21, 1960, six jurors testified. By stipulation the affidavits of the other six jurors were admitted in evidence. The court denied the relief prayed for in the motion for a new trial and thereby overruled the motion on behalf of the co-defendant. The court found that, as to the appellant here, the evidence was not newly discovered, and overruled his motion.

October 6, 1960, appellant, under 28 U.S.C.A. § 2255, filed a motion in the district court to vacate and set aside his sentence. The allegations of this motion are substantially the same as the allegations in the motion for a new trial, and the questions of law raised are identical. October 8, 1960, the district court denied the motion on the ground that the record shows that the defendant is entitled to no relief under the motion. In his memorandum opinion the district judge pointed out that: (1) as to movant, the court had held the evidence was not newly discovered; (2) and the court had previously overruled the co-defendant's motion on the ground that the allegations had not been proved. Accordingly, the district judge denied the Section 2255 motion.

We have examined the entire record. The law and substantial evidence support the district court's holding on the motion for a new trial. Because allegations in the motion for a new trial are substantially the same as the allegations for the Section 2255 motion, we agree with the district court that the files and records of this case show that the Section 2255 motion is without merit. See Smith v. United States, 5 Cir., 1960, 283 F.2d 245.

The judgment of the trial court is Affirmed.